IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY CALDWELL et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-CV-01315-E |
| UPS CARTAGE SERVICES INC, | § § § | |
| Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Plaintiffs' First Supplemental Complaint, (ECF No. 25). Defendant UPS Cartage Services Inc. (UPS) has responded. (ECF No. 30). Plaintiffs have replied. (ECF No. 32). The Court has reviewed the Motion, corresponding responses, briefing, and appendices. For the reasons enumerated hereunder, the Court DENIES Plaintiffs' Motion for Leave to File Plaintiffs' First Supplemental Complaint in its entirety. (ECF No. 25).

### I.   BACKGROUND

On September 7, 2023, the Court entered a scheduling order, which set a deadline of February 6, 2024, for motions for leave to join parties or amend pleadings. (ECF No. 17 at 1-2). Plaintiffs' Motion for Leave to File Supplemental Complaint seeks to supplement their Complaint, (ECF No. 1), with (i) statements that refer to occurrences in August 2023 to October 2023 that involve Plaintiff David Smith— culminating in his termination from employment—and (ii) an assertion of a new claim of Defendant "UPS's continued retaliation" against all Plaintiffs under 42 U.S.C. § 1981—which was not pleaded in their original Complaint. (ECF No. 25-1); (*compare*

ECF No. 25-1 at 4-5 *with* ECF No. 1 at 32-33).[1] As indicated in the record, Plaintiffs submitted a completed draft Supplemental Complaint—which, for this first time, sought to raise the "continued retaliation claims"—at 2:20 p.m. on the February 6, 2024 motion for leave to amend pleadings deadline. (ECF No. 30 at 5-6); (ECF No. 31); (ECF No. 32 at 2) ("Plaintiffs did not complete the draft of the amendment until [February 6, 2024], at which time it included allegations that the other plaintiffs were continuing to experience discrimination and retaliation."). Furthermore, this motion lacks a certificate of conference. (ECF No. 25 at 3). UPS challenges (i) the addition of new claims (in part) and (ii) Plaintiffs failure to adhere to the Court's conferencing requirements.

## II.   SUPPLEMENTATION OF PLEADINGS TO ADD CLAIMS

Plaintiffs assert leave should be "freely give[n]" as to their Supplemental Complaint. (ECF No. 25 at 2) (quoting Fed. R. Civ. P. 15(a)). In response, UPS first has no objection to supplementation as to "Plaintiff David Smith's individual § 1981 claim to include his termination." (ECF No. 30 at 1). But second, UPS opposes the remainder of Plaintiff's Supplemental Complaint—arguing (i) the supplementation fails to meet the standard for supplemental pleadings found in Federal Rule of Civil Procedure 15(d).

Federal Rule of Civil Procedure 15(d) permits supplementation of pleadings as follows:

> (d) Supplemental Pleadings. *On motion and reasonable notice, the court may*, on just terms, *permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented*. The court may permit supplementation even though the original

---

[1] Specifically, under the proposed supplement's "Causes of Action," Plaintiffs assert:

> Plaintiffs **continue** to allege that Defendant discriminate and **retaliate** against them . . . . Plaintiffs **continue** to allege that Defendant **retaliates** against them

(ECF No. 25-1 at 4) (emphasis added in bold italics). The Supplemental Complaint asserts these claims under the "Civil Rights Act of 1866." (ECF No. 25-1 at 4-5). 42 U.S.C. § 1981 codifies the Civil Rights Act of 1866. *Georgalis v. State Fair of Tex.*, No. 3:23-CV-1682-B, 2024 WL 2786912, at *3 (N.D. Tex. May 30, 2024). "[Section] 1981 provides that '[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens.'" *Georgalis*, 2024 WL 2786912, at *3 (quoting 42 U.S.C. § 1981(a)).

pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d) (emphasis added). As another court in the Northern District of Texas has explained:

> *"A supplemental pleading may bring in new claims when the subsequent allegations stem from the original cause of action."* Mangwiro v. Napolitano, 939 F.Supp.2d 639, 647-48 (N.D. Tex. 2013), citing *Chemetron Corp. v. Business Funds, Inc.*, 682 F.2d 1149, 1194 (5th Cir.1982), *vacated on other grounds by* 460 U.S. 1007 (1983). Judicial decisions to grant or deny Rule 15(d) motions to supplement pleadings are generally based on the same factors of fairness courts weigh when considering motions to amend pleadings under Rule 15(a). *Hyde v. Hoffman-La Roche Inc.*, No. CIV A 304-CV-1473-B, 2008 WL 2923818, at *3 (N.D. Tex. July 30, 2008). *These factors include considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of amendment."* *Schiller v. Phys. Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). *"While the text of Rule 15(a) provides that leave should be freely granted, the text of Rule 15(d) does not similarly provide."* *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(d)).

*Tomasella v. Div. of Child Support*, No. 3:20-CV-476-S-BH, 2021 WL 3710659, at *2 (N.D. Tex. Aug. 20, 2021) (emphasis added in bold italics).

At the outset, the Court rejects Plaintiffs' argument that leave for their Supplemental Complaint should be freely given because such reasoning relies on the wrong rule—that of amendment under Federal Rule of Civil Procedure 15(a). Plaintiffs' motion is unequivocally seeking supplementation—not amendment. (ECF Nos. 25; 25-1). Under Rule 15(d) the Court "*may permit a supplemental pleading setting forth changed circumstances.*" *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (emphasis added); *see also, e.g.*, Fed. R. Civ. P. 15(d).

Next, as to the "continued retaliation" claims Plaintiffs seek to supplement in their Supplemental Complaint, Plaintiffs offer only statements of occurrences that happened after the date of the pleading as to David Smith. (ECF No. 25-1 at 1-4); *see* Fed. R. Civ. P. 15(d). That is, the Supplemental Complaint is devoid of any allegations as to any other Plaintiff. As to the

Plaintiffs other than Smith, Plaintiffs offer no briefing that the subsequent allegations in the Supplemental Complaint stem from the original cause(s) of action. *See Mangwiro v. Napolitano*, 939 F. Supp. 2d 639, 647 (N.D. Tex. 2013), *aff'd sub nom. Mangwiro v. Johnson*, 554 Fed. Appx. 255 (5th Cir. 2014). The Court determines the Supplemental Complaint provides no allegations to substantiate a claim for continued retaliation as to Plaintiffs Larry Caldwell, Aaron Niblet, Jordan Evans, Ryan Bell, William Massey, William Sharp, Earl Bullock, and Betty Joshua. (*See* ECF No. 25-1).[2] Furthermore, upon review of the Complaint the Court determines Plaintiffs have failed to assert allegations that substantiate a claim for continued retaliation as to Plaintiffs Caldwell, Niblet, Evans, Bell, Massey, Sharp, Bullock, and Joshua. (*See* ECF No. 1).

Plaintiffs aver in reply that the Court has jurisdiction over "post-suit retaliation claims" as a part of ancillary jurisdiction. (ECF No. 32 at 1) (citing *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 413 (5th Cir. 1981); *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1002 (5th Cir. 1969)). The Fifth Circuit explained in *Gupta,* addressing Title VII claims:

> we hold that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court.

*Gupta*, 654 F.2d at 414. *Gupta* did not address claims asserted under 42 U.S.C. § 1981. Here, no administrative charge is attached to Plaintiffs' Complaint or Supplemental Complaint. (*See* ECF Nos. 1; 25-1). Plaintiffs direct the Court to no administrative charge that is properly before the Court. Plaintiffs' briefing, pleading, and supplementation do not show their acclaimed "continued

---

[2] The Court has discussed retaliation claims in the *prima facie* context:

> "To establish a prima facie case of retaliation, [a plaintiff] must show that: 1) she engaged in a protected activity; 2) she suffered an adverse employment action; and 3) there is a causal connection between the two." *Owens*, 33 F.4th at 835.

*Normore v. Dallas Indep. Sch. Dist.*, 677 F. Supp. 3d 494, 530 (N.D. Tex. 2023); *see also Owens v. Circassia Pharm., Inc.*, 33 F.4th 814, 834-35 (5th Cir. 2022) (discussing retaliation under Title VII and 42 U.S.C. § 1981).

retaliation" grows out of an administrative charge that is properly before the Court; claims under 42 U.S.C. § 1981 do not require exhaustion of administrative remedies. *Chen v. Ochsner Clinic Found.*, 630 Fed. Appx. 218, 227 (5th Cir. 2015) ("[T]he only substantive differences between the two statutes are their respective statutes of limitations and the requirement under Title VII that the employee exhaust administrative remedies.") (internal quotation omitted); *see Gupta*, 654 F.2d at 414; *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 479 (5th Cir. 1991) (discussing "ancillary jurisdiction" as to hearing a claim of retaliation when it grows out of an administrative charge that is properly before the Court). Plaintiffs direct the Court to no mandatory authority that requires exercise of ancillary jurisdiction when a retaliation claim does *not* grow out of an administrative charge that is properly before the Court—as in this case, and the Court has found none.

Furthermore—in lieu of the timing, conferencing, and content of the Supplemental Complaint (further discussed hereunder)—the Court determines Plaintiffs failed to provide reasonable notice to UPS, as required for supplementation under Rule 15(d). *See* Fed. R. Civ. P. 15(d); (ECF No. 25-1). For each the reasons above, the Court DENIES Plaintiff's Motion for Leave to File Supplemental Complaint as to adding claims.

### III.   CERTIFICATE OF CONFERENCE REQUIREMENT(S)

UPS asserts that Plaintiffs did not reasonably nor adequately meet and confer regarding the scope of the Supplemental Complaint. In response, Plaintiffs concede they did not communicate the complete Supplemental Complaint—which included the new continued retaliation claims—until the afternoon of February 6, 2024. Plaintiffs next assert "[t]he conference is now moot. UPS had three weeks to consider and respond to the motion." (ECF No. 32 at 3).

Northern District of Texas Local Civil Rule 7.1 provides:

[T]he parties must comply with the following:

> a. Conference - ***Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed.*** Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible.
>
> b. ***Certificate of Conference.***
>
>> 1. ***Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed.***
>>
>> 2. If a motion is opposed, the certificate must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached.
>>
>> 3. If a conference was not held, the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed.

N.D. Tex. Loc. Civ. R. 7.1(a-b) (emphasis added in bold italics). Local Rule 7.1(h) requires a certificate of conference for motions for leave of court. N.D. Tex. Loc. Civ. R. 7.1(h). Additionally, Local Rule 56.7 limits filing supplemental materials as follows:

> Except for the motions, responses, replies, briefs, and appendices required by these rules, ***a party may not, without the permission of the presiding judge, file supplemental pleadings***, briefs, authorities, or evidence.

N.D. Tex. Loc. Civ. R. 56.7 (emphasis added in bold italics). The Fifth Circuit has further recognized the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re Beebe*, 56 F.3d 1384, at *2 (5th Cir. 1995) (not designated for publication) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court recognizes that the Northern District of Texas's Local Rules exist as a means of docket control.

With regard to conferencing requirements, another court in the Northern District of Texas has explained:

> "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996).
> . . .
> "Several cases have outlined what efforts are insufficient to constitute a good faith conferral or attempt to confer." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) (citing cases). "The reasonableness of efforts to confer necessarily depend upon the circumstances of the particular case. The Court looks at all relevant factors to determine whether efforts are reasonable under the circumstances then existing." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 699 (D. Kan. 2000).

*Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015), *on reconsideration in part*, No. 12-CV-4947-P, 2015 WL 12532137 (N.D. Tex. June 22, 2015). The Court adopts the analysis, above. Furthermore, *Dondi Properties Corporation v. Commerce Savings & Loan Association*—with which attorneys practicing in the Northern District of Texas much adhere—also discusses conferencing requirements:

> The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought.
> . . . .
> A conference requires the participation of counsel for all affected parties. An attorney's refusal to return a call requesting a Rule 5.1(a) conference will not be tolerated. Of course, the conference requirement may be satisfied by a written communication as well. The manner in which the conference is held and the length of the conference will be dictated by the complexity of the issues and the sound judgment of attorneys in their capacities as advocates as well as officers of the court, with the objective of maximizing the resolution of disputes without court intervention.

121 F.R.D. 284, 289 (N.D. Tex. 1988).

Here, Plaintiff's Motion for Leave to File Supplemental Complaint contains no certificate of conference. (ECF No. 25 at 3). The Court has reviewed the Parties' attachments and briefing regarding conference as to this motion. The Court is concerned with Plaintiffs' apparent argument

that the mandatory requirements for conference *before* filing motions for leave in the Northern District of Texas's can be mooted by filing without conference. (ECF No. 32 at 2) ("UPS had three weeks to consider and respond to the motion."). The Court disagrees.

The Court determines Plaintiffs' Counsel's conference as to the Supplemental Complaint—considering the timing and presentation of the draft Supplemental Complaint—did not constitute a good faith conferral or attempt to confer. *See Brown*, 2015 WL 11121361, at *3. The Court determines (i) Plaintiffs failed to follow Local Rules 7.1 and 56.7 requiring conference and (ii) consequently, the Plaintiff's Motion for Leave to File Supplemental Complaint should be denied as a part of the Court's docket control. *See In re Beebe*, 56 F.3d 1384, at *2. The Court DENIES Plaintiff's Motion for Leave to file Supplemental Complaint in its entirety for failing to comply with the Court's conferencing requirements.

## IV.    CONCLUSION

For the reasons enumerated hereabove, the Court DENIES Plaintiff's Motion for Leave to file Supplemental Complaint in its entirety. (ECF No. 25).

**SO ORDERED.**

29th day of July, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE