IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY CALDWELL et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-CV-01315-E |
| UPS CARTAGE SERVICES INC, | § § § | |
| Defendant. | § § § § | |

**ORDER**

On October 25, 2024, the Court entered an order that instructed briefing from the Parties on (i) UPS's Motion to Extend Deadlines and Continue Trial Setting, (ECF No. 69), and (ii) UPS's Emergency Motion to Stay Discovery, for Protective Order, and to Compel Additional Testimony of Plaintiffs Sharp and Joshua, (ECF No. 72). (ECF No. 77). The Parties have completed their respective briefing. (ECF Nos. 78-82). The Court has considered the briefing and corresponding record and determines that these motions should be GRANTED. (ECF Nos. 69; 72). The Court has also considered UPS's Motion for leave to file deposition material under seal, (ECF Nos. 75; 76). The Court determines good cause exists to grant the filing of those documents, (ECF Nos. 75-1; 75-2), under seal. Therefore the Court GRANTS the motion for leave to file documents under seal. (ECF No. 75).

\*   \*   \*

On July 29, 2024, the Court amended its prior scheduling order with regard to the deadlines for: (i) completion of discovery; (ii) expert objections; (iii) dispositive motions; (iv) pretrial disclosures and objections; (v) pretrial materials; (vi) settlement conference; (vii) exchange of

exhibits; (viii) pretrial conference; and (ix) the trial date. (ECF No. 63). As these instant motions involve interrelated deadlines regarding the scheduling of this case and discovery deadlines, the Court enters the following orders.

1. Plaintiffs' counsel is advised that inappropriate speaking objections and coaching of witnesses in the defense of future depositions may result in independent sanctions. Plaintiffs' counsel shall not coach Plaintiffs during depositions. **Plaintiffs shall not rely on their notes prepared for testimony during the deposition(s).** For example, deponent Plaintiff shall not rely on "notes" or any "timeline" during Defense counsel's questioning of a deponent Plaintiff. The Court provides its corresponding reasoning below.

2. In the remaining depositions in this case, all counsel shall be limited to objections and instructions as follows:

    a. Objections to questions during the oral deposition are limited to "Objection, leading" and "Objection, form." Objections to testimony during the oral deposition are limited to "Objection, nonresponsive." **These objections are waived if not stated as phrased during the oral deposition.** All other objections need not be made or recorded during the oral deposition to be later raised with the applicable court according to its rules. The objecting party must give a clear and concise explanation of an objection if requested by the party taking the oral deposition, or the objection is waived.

    b. Unless permitted by Federal Rule of Civil Procedure 30(c)(2)[1] a party may not instruct a deponent not to answer a question.

---

[1] Federal Rule of Civil Procedure 30(c)(2) states:

> Objections. An objection at the time of the examination--whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the

3. UPS shall have an additional two (2) hours per Plaintiff to question Plaintiffs Sharp and Joshua once Plaintiffs produce the requested additional documents.[2] Plaintiffs Sharp and Joshua are ordered to fully answer UPS's appropriate deposition questions.

4. The Court amends the remaining scheduling order deadlines as follows:

| Deadline Event | Amended Deadline |
| --- | --- |
| **Completion of Discovery** | April 7, 2025 |
| **Expert Objections** | May 5, 2025 |
| **Dispositive Motions** | May 5, 2025 |
| **Pretrial Disclosures and Objections** | July 7, 2025<br>Objections due 14 days thereafter |
| **Pretrial Materials** | August 4, 2025 |
| **Settlement Conference** | Ten days prior to the pretrial conference |
| **Exchange of Exhibits** | Two business days prior to the pretrial conference |
| **Pretrial Conference** | August 29, 2025 at 10:00 AM |

---

deposition--must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. *An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*

Fed. R. Civ. P. 30(c)(2) (emphasis added).

[2] As briefed and referenced, these documents relate to (i) Sharp's testimony relating to a claim of emotional distress damages; (ii) Joshua's personal notes and journals about work at UPS; and (iii) other records requests from UPS as to Joshua. (*See* ECF No. 73 at 13).

| Deadline Event | Amended Deadline |
|---|---|
| **Trial Date** | Three-week docket beginning Tuesday, September 2, 2025 |

\* \* \*

The Court is again concerned with what is becoming a pattern of troubling behavior as it relates Plaintiffs' counsel's compliance with the Federal Rules of Civil Procedure; the Federal Rules of Evidence; the local civil rules of the Northern District of Texas; and *Dondi*. (*See* ECF No. 62 at 5-8) (discussing Plaintiffs' counsel's failure to comport with conferencing requirements); *see also Dondi Properties Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. Tex. 1988). The deposition transcripts from Plaintiffs Sharp and Joshua are rife with Plaintiffs' counsel's speaking objections, objections that are not based on law,[3] and instructions not to answer—relating to acclaimed privileged material and referring to the Supreme Court's Opinion in *Hickman v. Taylor*. 329 U.S. 495, 508-13 (1947) (discussing mental impressions; attorney-client privilege; and work-product privilege). However, Plaintiffs fail to respond or otherwise substantiate their assertions of privilege in their briefing. (*See* ECF No. 80).

The transcripts further show repeated instances where Plaintiffs' counsel asserts that Plaintiffs are able to rely on their "notes" or "timeline" in answering questions during Defense's direct questioning—after Defense counsel requested for Plaintiffs to *not* refer to those documents during Defense's direct questioning. (*See e.g.*, ECF No. 75-1 at 26) ("Ms. Sanford: He can refer to whatever notes he wants [. . .] I'm going to object [. . .] for [Sharp] to give a full and complete

---

[3] For example, Plaintiffs' counsel objects to questions as "harassing" and "abusive." (*See, e.g.*, ECF No. 75-1 at 26, 27, 69, 70, 71).

answer, he needs to be able to reference his notes[.]"). The Parties both brief the use of "notes" and a "timeline" during deposition—pursuant to Federal Rule of Evidence Rule 612.

In *In re Xarelto (Rivaroxaban) Products Liability Litigation*, a district court examined the "Memory Refreshment Doctrine" along with Rule 612:

> Federal Rule of Evidence 612 provides that: "an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony." Fed. R. Evid. 612(b). In the Fifth Circuit, to prove that Rule 612 is applicable to a writing, a party must show that "(1) the witness requires refreshment, and (2) the writing actually refreshes the witness's memory." *U.S. v. Carey*, 589 F.3d 187, 190 (5th Cir.2009); *see also* Fed. R. Evid. 612(a). Additionally, if the refreshment material is used before testifying, a court must also find that "justice requires" granting the adverse party Rule 612's options for attacking the witness's reliance on the refreshment material. Fed. R. Evid. 612(a)(2).
>
> Rule 612 applies to materials used both while testifying and before testifying. Fed. R. Evid. 612(a). ***The Advisory Committee explicitly rejected a distinction between memory refreshment prior to testifying and during testifying, noting that "the risk of imposition and the need of safeguard is just as great in both situations."*** Fed. R. Evid. 612 advisory committee's note to 1972 enactment; *see also* Aaron, *supra*, at 1041 (citing *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y.1977) ("One can argue that the scope of inspection by opposing counsel should be broader when refreshment has occurred in private, because there is no court supervision to prevent abuses.")). "The vast majority of cases that have considered the issue have concluded that Rule 612 is applicable to depositions...." Victor J. Gold, 28 *Federal Practice & Procedure Evidence* § 6183 (2d ed.); *see also* 1 *McCormick On Evidence* § 9 (7th ed. 2013) (noting that the goals of memory-refreshment doctrine and Rule 612 are applicable to interviews conducted before trial).
>
> ***The memory-refreshment doctrine, as codified in Rule 612, is a mechanism for guiding the examination of witnesses towards the ideal: a witness should have the facts clear in his or her mind, recall all important details, and be in command of his or her narrative during cross-examination.*** Clifford S. Fishman & Anne T. McKenna, 5 *Jones on Evidence* § 32:1 (7th ed. 2016); *see also* Fed. R. Evid. 612, advisory committee's note to 1972 enactment ("The purpose of the rule is ... to promote the search of credibility and memory."). ***But the courts recognize that this policy may be subject to abuse. A witness may not "parrot" what is written on the paper, or otherwise substitute refreshment material for the witness' own memory.*** Fishman, *supra*, § 32:1.

*In re Xarelto (Rivaroxaban) Products Liab. Litig.*, 314 F.R.D. 397, 401 (E.D. La. 2016) (emphasis added in bold italics and bold, underlined italics). The Court adopts the above analysis. *See also, e.g.*, *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998) (discussing the same).

Although Federal Rule of Evidence 612 permits use of writings to refresh a witness's memory—the scope of the rule does not permit reliance on notes *before such documents are introduced*. *See* Fed. R. Evid. 612. Indeed, the Court has found no authority that requires a deposing party to allow a deponent to rely on documents or notes that the deposing party has not presented during direct questioning. Federal Rule of Civil Procedure 30(c)(1) requires examination and cross-examination to "proceed as they would at trial under the Federal Rules of Evidence." Fed. R. Civ. P. 30(c). Here, Plaintiffs seek to use their own "notes" or "timeline" in responding to questions without any prior introduction of those "notes" or "timeline." This suggests that those documents are not used for the purposes of refreshing the witnesses but rather for the prohibited purpose of "putting words in the mouth of the witnesses"—parroting what was written in the notes. *Esperti v. United States*, 406 F.2d 148, 150 (5th Cir. 1969); *see In re Xarelto*, 314 F.R.D. at 401.

Plaintiffs respond that "[c]orporate representative witnesses regularly use notes prepared by corporate counsel during depositions." (ECF No. 80 at 7). Plaintiffs then attach a 195-page corporate representative notebook from an unrelated case. (ECF No. 81-2).[4] This argument is both (i) inapposite to the circumstances of the depositions at issue and (ii) another instance of troubling behavior from Plaintiffs' counsel. *See Dondi*, 121 F.R.D. at 287-89 (explaining standards of practice). It is undisputed that none of the Plaintiffs are corporate representatives that gave testimony in accordance with Federal Rule of Civil Procedure 30(b)(6). *See* Fed. R. Civ. P.

---

[4] Plaintiffs attach a "Corp. Rep. Notebook" from a proceeding in the Fort Worth Division of the Northern District of Texas—*Le v. Lockheed Martin Corp.*, Cause No. 4:24-CV-00031. (ECF No. 81-2).

30(b)(6) (enumerating notice or subpoena of a deposition directed to an organization). A plaintiff that testifies as to the facts of their own claims and allegations is different and distinct from a corporate representative testifying on behalf of an organization. *See generally* Fed. R. Civ. P. 30(b)(6); *see, e.g.*, *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-CV-00668-Y, 2019 WL 13193894, at *2 (N.D. Tex. June 20, 2019) (discussing a corporate representative's permission to testify upon matters outside of personal knowledge).[5]

The Court must conclude that Plaintiffs' counsel has engaged in improper behavior during these depositions—including improper coaching of Plaintiffs during deposition. This is the second time this Court has addressed Plaintiffs' counsel's failure to comport with the orders of this Court; the local civil rules of the Northern District of Texas; and *Dondi*. (*See* ECF No. 62). The Court warns Plaintiffs' counsel that any future failure to strictly comport with this Court's orders, policies, and procedures; the Federal Rules of Civil Procedure; the Federal Rules of Evidence; the local civil rules of the Northern District of Texas; and *Dondi* shall result in a show cause order and potential sanctions—including but not limited to disqualification from this litigation. *See F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1311-13 (5th Cir. 1995) (discussing attorney disqualification).

**SO ORDERED this 19th day of November, 2024.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[5] "[W]hile Rule 30(b)(6) permits [a corporate witness'] *deposition testimony* to be based on matters outside his personal knowledge, Rule 602 limits his *trial testimony* to matters that are within his personal knowledge." *Antero Res. Corp. v. C & R Downhole Drilling, Inc.*, No. 4:16-CV-00668-Y, 2019 WL 13193894, at *3 (N.D. Tex. June 20, 2019) (internal quotations omitted) (collecting cases) (emphasis added); *see Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 908 (5th Cir. 2010).