UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY CALDWELL, AARON NIBLET, JORDAN EVANS, RYAN BELL, WILLIAM MASSEY, WILLIAM SHARP, EARL BULLOCK DAVID SMITH, and BETTY JOSHUA | § § § § § § | |
| *Plaintiffs*, | § § | Civil Action 3:23-cv-1315 |
| vs. | § § § | **JURY DEMANDED** |
| UPS CARTAGE SERVICES, INC., | § § | |
| *Defendant*. | § | |

### PLAINTIFFS' BRIEF IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER REGARDING DISCOVERY ON DISCOVERY

TO THE HONORABLE ADA BROWN:

Plaintiffs Larry Caldwell, Aaron Niblet, Jordan Evans, Ryan Bell, William Massey, William Sharp, Earl Bullock, David Smith, and Betty Joshua ("Plaintiffs") respond to Defendant UPS Cartage Services, Inc.'s move the Court for a protective order preventing discovery on discovery. The emergency is because Plaintiffs' depositions are pending and the discovery deadline is approaching.

### INTRODUCTION

This is a race discrimination and retaliation lawsuit by nine individuals employed by UPS. (ECF No. 1). During the depositions of Plaintiffs Aaron Niblet and William Massey, UPS's counsel requested information about discovery on discovery. UPS is attempting to obtain the work product and arguing deficiencies in their production. Plaintiffs are seeking protection from the work product notes not produced and discovery on discovery related to the notes. Plaintiffs' counsel instructed the witnesses not to answer and is now moving for a protective order based on the scope of discovery and the work product doctrine.

## ARGUMENT

"Discovery on discovery" generally is not permitted. *Hermann v. Hewlett Packard Enterprise Co.*, No. 3:22-CV-2557-L, 2024 WL 4647715, at *5 (N.D. Tex. Oct. 31, 2024). *See also* Fed. R. Civ. P. Rule 26(b)(3) (applying work product doctrine to parties as well as attorneys). "Discovery on discovery" is discovery into another party's discovery process. *See Jasso v. Wells Fargo Bank, N.A.*, No. 220CV00858CDSBNW, 2022 WL 4227332, at *2 (D. Nev. Sept. 13, 2022). This type of discovery is disfavored. *See Anstead v. Virginia Mason Med. Ctr.,* No. 221CV00447JCCJRC, 2022 WL 1641425, at *5 (W.D. Wash. May 24, 2022) (citation omitted). As a result, "requests for such discovery are closely scrutinized" and determined on a case-by-case basis. *Id*. "Generally, courts will only permit such

discovery where there is some indication that a party's discovery has been insufficient or deficient." *Id*.

Work product is also protected. *See Hickman v. Taylor,* 329 U.S. 495, 504 (1947) (protecting memoranda and statements gathered in preparation for trial); FED. R. CIV. P. 26(b)(3). "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A). "Unlike the attorney-client privilege, the work product privilege is held by both the client and the attorney and may be asserted by either one." *In re Hardwood P-G, Inc.*, 403 B.R. 445, 462 (Bankr. W.D. Tex. 2009) (quoting *Searcy v. Rigby (In re Rigby),* 199 B.R. 358, 362 (Bankr. E.D. Tex.1995) (*citing In re Grand Jury Proceedings,* 43 F.3d 966, 972 (5th Cir.1994)); *In re Grand Jury Subpoena,* 419 F.3d 329, 333 n. 3 (5th Cir.2005) (same)). Additionally, the work-product doctrine differs from the attorney-client privilege in that it serves to promote the adversary system. *See Varel v. Banc One Capital Partners,* 1997 U.S. Dist. LEXIS 4711, at *8, 1997 WL 86457, at *3 (N.D. Tex. Feb. 25, 1997).

To be protected as work-product a party must show that the materials are 1) documents or tangible things; 2) prepared in anticipation of litigation or for trial; 3) prepared by or for a party's representative; and 4) contains opinion work-product – the mental impressions, conclusions, opinions, or legal theories of an attorney or

other representative of a party. It takes more than mere disclosure to a third party to waive the work product privilege. *See In re Hardwood P-G, Inc.,* 403 B.R. 445, 463 (Bankr. W.D. Tex. 2009).

Opinion work product includes investigatory reports (containing summaries of witness interviews) "documents, including business records, that were specifically selected and compiled by a party or its representative in preparation for litigation are opinion work product because the mere acknowledgment of their selection would reveal mental impressions concerning the potential litigation." *In re Hardwood P-G*, 403 B.R. at 463 (quoting *S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006)).

Moreover, the so-called "common interest doctrine" permits the disclosure of privileged information without waiver, provided that the parties sharing the information (1) have a common legal, rather than commercial, interest; and (2) the disclosures are made in the course of formulating a common legal strategy." *See S.E.C. v. NIR Group, LLC*, 283 F.R.D. 127, 132 (E.D.N.Y. 2012) (citations omitted). Plaintiffs' counsel have reviewed notes prepared by Plaintiffs at the direction of Plaintiffs' counsel in anticipation of litigation and preparation for trial which contain investigation notes, strategy, mental impressions, and other opinion work product. These are notes that UPS is seeking.

Subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A).

UPS cannot meet either of these criteria. The discovery on discovery that UPS seeks relates in large part, or possibly in whole, on material requested is protected by the work-product doctrine. It should be protected from questioning at depositions.

Rule 26(c)(1) provides that a party may move for a protective order on matters related to a deposition, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;
>
> \* \* \*
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

WHEREFORE, Plaintiffs request the Court to enter an order protecting discovery on discovery, especially concerning material protected by the work-product doctrine.

      Respectfully submitted,

      */s/ Brian P. Sanford*
      Brian P. Sanford
      Texas Bar No. 17630700
      bsanford@sanfordfirm.com
      Elizabeth "BB" Sanford
      Texas Bar No. 24100618
      esanford@sanfordfirm.com
      Karla Connell
      Texas Bar No. 24138103
      kconnell@sanfordfirm.com

**THE SANFORD FIRM**
1910 Pacific Ave., Suite 15400
Dallas, TX 75201
Ph: (214) 717-6653
Fax: (214) 919-0113

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that conferences were held in person on February 12, 2025; between Brian P. Sanford and Kristen Simonet; on February 21, 2025 between Brian P. Sanford and Elizabeth L. Dicus; on February 25, 2025 between Elizabeth "BB" Sanford and Kristin M. Simonet; and via email on February 25 and 27, 2025, 2025. An agreement could not be reached because of differences in viewing the scope of discovery and privileges.

      */s/ Brian P. Sanford*

## CERTIFICATE OF SERVICE

  I hereby certify that on March 5, 2025 I electronically served the foregoing document on all counsel of record via the Court's electronic filing system.

                */s/   Brian P. Sanford*